UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

| | | |
|---|---|---|
| ANTHONY ZIMMERMAN and PREMIER FOREST PRODUCTS, INC., a Wisconsin Corporation, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. |
| JEFFREY DORAN, Individually, and in his official capacity, and RAYMOND CICHON, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Now come the plaintiffs, Anthony Zimmerman and Premier Forest Products, Inc., a Wisconsin corporation, by and through their attorneys, Katz, Huntoon & Fieweger, P.C., and for their Complaint at law against the defendants, Jeffrey Doran, individually, and in his official capacity, and Raymond Cichon, state as follows:

**COMMON ALLEGATIONS**

1. Plaintiff Premier Forest Products, Inc. is a Wisconsin corporation, licensed to do business and doing business in the State of Illinois at all times relevant to this cause of action.

2. That Anthony Zimmerman (hereinafter referred to as "Tony") is the President and a shareholder of Premier Forest Products, Inc.

3. That Tony has operated Premier Forest Products, Inc. since 2008 and it is in the primary business of logging and forestry by cutting and harvesting timber and woods and then reselling the product to commercial mills.

4. That the defendant Jeffrey Doran was at all times material to this cause of action the elected Sheriff of Carroll County, Illinois.

5. That Premier had previously entered into a contract to harvest walnut trees from the real property owned by defendant Raymond Cichon located at 3878 North Brookville Road, Forreston, Illinois, in Carroll County, Illinois.

6. That between November 15, 2009 and December 15, 2009, Premier harvested all merchantable walnut trees on the real estate property owned by Ray Cichon pursuant to a written contract.

7. That on April 20, 2010, Premier and defendant Raymond Cichon entered into a written Timber Sale Contract and Deed to Timber, a copy of which is attached hereto marked Exhibit 1 and made a part of this Complaint.

8. That under the express terms of the Timber Sale Contract and Deed to Timber (Exhibit 1), Raymond Cichon agreed to allow Premier to harvest all merchantable aspen, elm, box elder, mulberry, black locust and all merchantable storm damaged timber including oak, cherry, hickory, ash, walnut and basswood in exchange for payment.

9. That on May 26, 2010, Premier recorded the Timber Sale Contract and Deed to Timber with the Carroll County, Illinois, Recorder of Deeds.

10. That commencing July 10, 2010, Premier began logging operations on the real estate property of Ray Cichon pursuant to its rights under the Timber Sale Contract and Deed to Timber.

11. That Premier, by the directions of its principal Tony, continued logging operations on the Cichon property from July 10, 2010 until August 23, 2010.

12. That on August 23, 2010, defendant Raymond Cichon called the Carroll County Sheriff and requested that the Sheriff assist him in stopping Premier's logging operations.

13. That on August 23, 2010, defendant Jeffrey Doran, the Sheriff of Carroll County, directed one of his deputy agents to instruct Premier employees to cease and desist logging operations on the Cichon property.

14. That on August 24, 2010, Premier again commenced its work under the express terms of its written contract. The Carroll County Sheriff, Doran, dispatched his deputies, who told Tony to cease and desist logging operations due to the fact that defendant Raymond Cichon did not want Premier on the real estate property anymore.

15. That Tony provided the Carroll County Deputy Sheriff with a copy of the duly recorded Timber Sale Contract and Deed to Timber and explained to the defendant Doran's deputy that under the contract Premier had rights to access the timber at any time and that pursuant to the express terms and conditions of the Timber Contract and Deed, he was lawfully on the property.

16. That the Carroll County Sheriff, by his agent and deputy, instructed Tony and his crew to cease operations that day.

17. That on August 24, 2010, Tony met with Scott Brinkmeier, the Carroll County State's Attorney, and provided Brinkmeier with a copy of his Timber Sale Contract and Deed to Timber that had been recorded.

18. That on that same date, Brinkmeier received a telephone call from Attorney Jim Fahey informing Brinkmeier of the fact that Premier had a legal and enforceable contract and deed to the timber on the real property owned by defendant Cichon.

19. That as of August 24, 2010, there was no injunctive orders preventing Premier from entering defendant Cichon's property.

20. That on August 24, 2010, Tony called the Carroll County Sheriff's office and left a message that because there was no cease and desist order or injunctive order, that Premier would be enforcing its contract and commencing logging operations on August 25, 2010.

21. That on August 25, 2010, defendant Doran, by his deputies, shut down Premier's logging operations, arrested Tony and charged Tony with criminal trespass.

22. That on August 26, 2010, Scott Brinkmeier, as Carroll County State's Attorney, filed a Complaint for Criminal Trespass against Tony Zimmerman.

23. That on December 8, 2010, the Carroll County Circuit Court entered an order dismissing the trespassing charge.

24. That this court has subject matter jurisdiction over this cause of action pursuant to 42 U.S.C. § 1983 and 29 U.S.C. § 1331.

**COUNT I – AGAINST JEFFREY DORAN**
**FOR FALSE ARREST OF ANTHONY ZIMMERMAN**
**IN VIOLATION OF 42 U.S.C. § 1983**

1 – 24. Plaintiffs repeat and reallege paragraphs 1 through 24 of the Common Allegations as paragraphs 1 through 24 herein.

25. That Tony Zimmerman, individually, and as President and shareholder of Premier Forest Products, Inc., had a legal right to be present on the real estate property owned by defendant Raymond Cichon based on Premier Forest Products, Inc.'s Timber Sale Contract and Deed to Timber which was duly recorded with the Carroll County Recorder of Deed's Office.

26. That the defendant Doran was a state actor acting under color of state law at all times material to this cause of action.

27. That defendant Jeffrey Doran, the Sheriff, individually, and by his deputy agents intentionally violated Tony's civil rights guaranteed to him under the Fourth and Fourteenth Amendments of the United States Constitution when the Sheriff directed, individually and through his agents the arrest of Tony for criminal trespass.

28. As a direct and proximate result of the defendants' deprivation of plaintiff's civil rights, plaintiff has sustained damages including, but not limited to, damages to his reputation, embarrassment, and costs incurred as the result of the arrest, all to his damages in an amount in excess of $100,000 or an amount to be determined by the trier of fact.

29. That the actions of defendant Doran were wilful and malicious, done with a conscious disregard for plaintiff's civil rights knowing that plaintiff, through his business, had a legal right to be on the Cichon real estate property, thereby consciously disregarding plaintiff's civil rights, thereby entitling plaintiff to recover punitive or exemplary damages against defendant Doran.

30. That Tony is entitled to recover his costs, including reasonable attorneys' fees incurred and expert witness fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff Anthony Zimmerman hereby requests this court enter judgment against the defendant Jeffrey Doran for compensatory damages in an amount in excess of $100,000, or an amount to be found by the trier of fact, enter judgment for punitive damages against defendant Doran in an amount to be determined by the trier of fact, and award plaintiff his reasonable attorneys' fees and costs of this action.

**COUNT II – DEPRIVATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**
**PREMIER FOREST PRODUCTS, INC.**

1 – 24. Plaintiff repeats and realleges paragraphs 1 through 24 of the Common Allegations as paragraphs 1 through 24 herein.

25. That the defendant Doran, individually, and by his deputy sheriffs acted in his individual and official capacities at all times material to this cause of action.

26. That defendant Doran, individually and by his deputy sheriffs, interfered acting under color of authority of his office as Sheriff, directly interfered and deprived Premier of its guaranteed substantive due process rights under the Fourteenth Amendment by improperly shutting down Premier's timber operations on the Cichon property, despite the fact that there was no court order in place preventing or enjoining the plaintiff from continuing its legal operations on the property and despite being informed by plaintiff, by and through its President and shareholder, Tony Zimmerman, of the fact that they had a legal interest in the property, and despite the fact that neither Doran, Cichon, nor the Carroll County State’s Attorney had filed a written complaint with the Carroll County Circuit Court to enjoin the timber operations.

27. That as a direct result of the defendant Doran's deprivation of plaintiff's civil rights guaranteed under the Fourteenth Amendment which deprived Premier of its property interest in the timber without due process of law, Plaintiff has sustained damages equal to lost profits from its logging operations and incurred costs for idle equipment, all to its damage in an amount in excess of $100,000.

28. That the defendant Doran's actions were malicious and wilful in that he was informed on August 24, 2010 both by Tony Zimmerman of the existence of and provided a copy of the recorded Timber Sale Contract and Deed to Timber, yet despite this shut down plaintiff's legal logging and timber operations, thereby entitling plaintiff to recover exemplary and punitive damages in an amount to be determined by the trier of fact.

29. That plaintiff is also entitled to recover reasonable attorneys' fees, expert witness' fee and court costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff Premier Forest Products, Inc., hereby requests this court enter judgment in its favor and against the defendant Doran in amount in excess of $100,000 compensatory damages, an amount in punitive damages against the defendant Doran to be determined by the trier of fact, and an amount equal to reasonable attorneys' fees, plus the costs of this action.

**COUNT III – CONSPIRACY WITH STATE ACTORS FOR FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983**

1 – 24. Plaintiff repeats and realleges paragraphs 1 through 24 of the Common Allegations as paragraphs 1 through 24 herein.

25 – 27. Plaintiff repeats and realleges paragraphs 25 through 27 of Count I as paragraphs 25 through 27 herein.

30. That the defendant Ray Cichon conspired with state actors Brinkmeier and/or Doran to deprive plaintiff Tony Zimmerman of his Fourth and Fourteenth Amendment rights to be free of unreasonable searches and seizures when he falsely reported to Brinkmeier and/or Doran that Tony Zimmerman was trespassing on his real estate property.

31. That as a direct and proximate result of defendant's Cichon's deprivation of plaintiff's civil rights, plaintiff has sustained damages, including, but not limited to, damages to his reputation, embarrassment, and the costs incurred as the result of his arrest, all to his damages in an amount in excess of $100,000.00, or an amount to be determined by the trier of fact.

32. That the actions of defendant Cichon were wilful and malicious and done with a conscious disregard for the plaintiff's rights since he knew that Zimmerman, through his business operations, had a legal right to be on the real estate property, thereby consciously disregarding plaintiff's civil rights in his conspiracy with the state actors, thereby entitling plaintiff to recover punitive or exemplary damages against defendant Cichon.

33. That Tony is hereby entitled to recover his costs including reasonable attorneys' fees incurred and expert witness fees incurred pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff Tony Zimmerman hereby requests this court enter judgment in his favor and against the defendant Cichon in amount in excess of $100,000 compensatory damages, an amount in punitive damages against the defendant Cichon to be determined by the trier of fact, and an amount equal to reasonable attorneys' fees, plus the costs of this action.

**COUNT IV – CONSPIRACY FOR DEPRIVATION OF CIVIL RIGHTS AGAINST RAY CICHON**

1 – 24. Plaintiff repeats and realleges paragraphs 1 through 24 of the Common Allegations as paragraphs 1 through 24 herein.

25 – 26.  Plaintiff repeats and realleges paragraphs 25 through 26 of Count II as paragraphs 25 through 26 herein.

27.  The defendant Cichon in conspiracy with, and aided and abetted by the state actors Doran, individually and in his official capacity, failed to obtain a court order to enjoin timber operations and by his false allegations to both the defendant Doran and State's Attorney Brinkmeier, directly interfered and deprived Premier of its guaranteed substantive due process rights under the Fourteenth Amendment by improperly shutting down Premier's timber operations on his property, despite the fact that there was no court order in place preventing or enjoining Premier from continuing its legal operations on the property.

30.  That as a direct result of the defendant's deprivation of plaintiff's civil rights guaranteed under the Fourteenth Amendment which deprived Premier of its property interest in the timber without due process of law, plaintiff has sustained damages equal to lost profits from its logging operations and has incurred costs for idle equipment all to its damages in excess of $100,000.00.

31.  That the defendant Cichon's actions were wilful and malicious in that he knew that plaintiff Premier Forest Products, Inc. had an enforceable timber contract which he had signed as the property owner and yet he maliciously misrepresented to the Carroll County Sheriff's Department and to the Carroll County State's Attorney that Premier and Tony Zimmerman were allegedly trespassing on his property when he knew that was false, thereby entitling plaintiff to recover exemplary or punitive damages against defendant Cichon in an amount to be determined by the trier of fact.

32.  That plaintiff is also entitled to recover reasonable attorneys' fees, expert witness fees and court costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff Premier Forest Products, Inc., hereby requests this court enter judgment in its favor and against the defendant Raymond Cichon in an amount in excess of $100,000.00 compensatory damages, an amount of punitive damages to be determined by the trier of fact, an amount equal to reasonable attorneys' fees, plus the cost of this action.

        ANTHONY ZIMMERMAN and
        PREMIER FOREST PRODUCTS, INC.,
        Plaintiffs

        By: /s/Stephen T. Fieweger

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
s:\wp\worddoc\16374003.01C